Zhang v. Sessions

BIA
Poczter, IJ
A206 333 845

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       RICHARD C. WESLEY,
>               *Circuit Judges.*

_____

FANGYONG ZHANG,
>       *Petitioner,*

v.

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

16-2182
NAC

_____

FOR PETITIONER:           Zhen Liang Li, New York, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this Order.

Petitioner Fangyong Zhang, a native and citizen of China, seeks review of a May 26, 2016, decision of the BIA affirming a January 7, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fangyong Zhang,* No. A206 333 845 (B.I.A. May 26, 2016), *aff'g* No. A206 333 845 (Immig. Ct. N.Y. City Jan. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an

2

applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her or her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In this case Zhang based her asylum claim on two forced abortions performed in China. She testified, as the IJ recounted, "that as a result of a poorly-performed abortion she developed uterine fibroids, which necessitated a hysterectomy." Certified Administrative Record ("CAR") 46. The IJ determined that she was not credible, and the BIA upheld this finding.

We conclude that there are ambiguities in the record that preclude a fair opportunity for even the deferential review we are obliged to perform. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[M]inimum level of analysis" required "if judicial review is to be meaningful."). First, the IJ relied on what she deemed an inconsistency between Zhang's testimony on cross-examination and redirect. On cross, she was asked whether she had to go for regular checkups in China to make sure she was not pregnant, and she answered, "No." CAR 88. On redirect,

3

her lawyer asked, "We know that you did not go to the gynecological checkups, but were you required to attend any in the period between 2001 and 2005?" Zhang answered, "Yes, but I didn't go." *Id.* 92-93.

That apparent inconsistency precipitated the following colloquy:

IJ: "Ma'am, why is it that you told the trial attorney that you were not required to have gynecological checkups yet you just told your attorney that you were[?]"

Ms. Zhang to Judge: "In the village it's very complicated. Sometimes I go. Sometimes I don't go. And they call me on the phone, because too many people."

Judge to Ms. Zhang: "What I'm asking is why did you give two different answers to the same question?"

Ms. Zhang to Judge: "Yes, there were regular checkups, but I didn't go."

The matter was not further pursued, either by the IJ or counsel.

On this record, it is unclear whether Zhang was saying that she was required to have checkups and that she was not required to have them, or was saying and endeavoring to explain that her "two answers" meant that she was required to have checkups but did not go to have them. The ambiguity could and should have

4

been readily cleared up.

Second, the IJ said that Zhang, in her asylum application, "did not write anything about her husband leaving her because of [her] surgery," although she testified that the husband left her because she could not have any more children. The IJ deemed the omission about why the husband left significant because "she should have been able to make the same statements [about the husband leaving] in a written format." *Id.* 47. It is not clear whether the IJ thought that not stating why the husband left raised a doubt as to whether the hysterectomy had in fact been performed. Yet Zhang produced a document on the letterhead of a California physician stating that "the above named patient [Zhang] had her uterus removed (hysterectomy). *Id.* 111.

Third, it is not clear whether the IJ doubted the authenticity of the doctor's document. The IJ characterized the document as a "form letter," *id.* 47, when it is in fact a blank form with the line for a description of the medical procedure performed filled in by the physician. The document lists a phone number for any questions. The IJ concluded that the document "provides very minimal support for [Zhang's] claim," *id.*, leaving it unclear whether the IJ was doubting the hysterectomy or the abortions. And the IJ left it unclear why the physician's document provided "minimal support."

5

Under all the circumstances, the appropriate course is to remand to the BIA for a remand to the IJ so that the ambiguities we have identified can be clarified with a renewed questioning of Ms. Zhang.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk